UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

CIVIL MINUTES - GENERAL

Case No. SACV 11-1236 DOC (ANx)                              Date: November 14, 2011

Title: MONG KIM TRAN v. CITY OF GARDEN GROVE, ET AL.

DOCKET ENTRY
  [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                        Date:_____   Deputy Clerk: _____

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

    Julie Barrera                                                    Not Present
   Courtroom Clerk                                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

      NONE PRESENT                                          NONE PRESENT

PROCEEDING (IN CHAMBERS):  GRANTING DEFENDANTS' MOTION TO DISMISS

Before the Court is a Motion to Dismiss filed by Defendants City of Garden Grove ("Garden Grove"), Garden Grove Police Department ("GGPD") and Charles Starnes ("Starnes") (collectively, "Defendants") in the above-captioned case ("Motion to Dismiss") (Docket 4). The Court finds this matter appropriate for decision without oral argument.  Fed.R.Civ. P. 78; Local Rule 7-15. After considering the moving, opposing, and replying papers, the Court hereby GRANTS the Motion to Dismiss WITH LEAVE TO AMEND.

I. BACKGROUND

On or about October 28, 2009, Plaintiff Mong Kim Tran ("Plaintiff") was allegedly pulled over by Starnes while driving on Garden Grove Boulevard. Complaint, ¶ 12-13. Plaintiff stopped his vehicle and allegedly exited his vehicle after Starnes ordered him to do so. *Id.* at ¶ 14. Starnes allegedly questioned Plaintiff in a very aggressive and rude manner, accusing him of speeding. *Id.* Plaintiff avers that Starnes then forcefully struck Plaintiff in the face without cause or provocation, causing Plaintiff to fall to the sidewalk. *Id.* Starnes allegedly struck Plaintiff in his arms and feet and handcuffed Plaintiff, causing him

to fall unconscious, bleed, and suffer substantial pain. *Id.* Plaintiff avers that he was transported to Garden Grove Hospital for emergency treatment of his injuries. *Id.*

Plaintiff was the subject of misdemeanor criminal proceedings stemming from this encounter. Plaintiff was initially charged with one count of misdemeanor violation of California Penal Code § 241(c) assault on a police officer and § 243(b) battery on a police officer. Motion to Dismiss, 3. On December 14, 2010, the criminal complaint was amended to include a third count for a misdemeanor violation of California Penal Code § 148(a)(1) resisting a peace officer. *Id.* Plaintiff pled guilty to the charge of resisting a peace officer, and the two other counts were dismissed on motion of the Deputy District Attorney on the case. *Id.* Plaintiff was sentenced to three years probation and other various conditions. *Id.*

Plaintiff is now filing the present civil action based on the alleged events of October 28, 2009. Plaintiff's Complaint alleges eight causes of action: (1) Fraudulent Investigation and Unlawful Seizure by Arrest, Detention, Prosecution, Conviction; (2) Withholding and/or Failure to Disclose Material Exculpatory Evidence by Defendants in Violation of the Procedural and Substantive Rights Guaranteed to Plaintiff; (3) Monetary Claim Against Defendant City; (4) Use of Excessive Force; (5) Battery; (6) Gross Negligence or Willful and Wanton Misconduct; (7) Abuse of Process; (8) Claims Against Defendant Officers Under 42 U.S.C. § 1983 for Violation of the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff requests (1) compensatory damages in the amount of "$2,000.000"[1]; (2) punitive and exemplary damages against each individual defendant "in an amount appropriate to punish each individual defendant and deter others from engaging in similar misconduct"; (3) costs of suit; (4) reasonable attorney's fees; (5) pre- and post-judgment interest as permitted by law; (6) such other relief, including injunctive and/or declaratory relief, as the court deems proper.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)). In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.* Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950. Determining whether a

---

[1] It is unclear whether Plaintiffs' requested amount of "$2,000.000" was meant to be "$2,000,000" or "$2,000.00."

complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.*

In evaluating a 12(b)(6) motion, review is "limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). However, exhibits attached to the complaint, as well as matters of public record, may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment. *See Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Further, a court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "The Court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.*

Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. DISCUSSION

### A. Section 1983 Claims

Under *Heck v. Humphrey*, a plaintiff cannot succeed in bringing a § 1983 claim where success on the claim would call into question an underlying conviction. *See* 512 U.S. 477 (1994). In *Heck*, the petitioner had been convicted of voluntary manslaughter for the killing of his wife and served his sentence in state court. *Id.* at 478. While in prison, he brought a § 1983 action against county prosecutors and a state police investigator, alleging that they had violated his constitutional rights by, *inter alia*, destroying evidence in the underlying investigation leading to his conviction. *Id* at 479. In denying the petitioner's claim, the Court established that a claim for damages under § 1983 that challenges the lawfulness of a conviction or sentence is barred. *Id.* at 486-87. The Court also held, however, that "if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed . . . ." *Id.* at 487 (emphasis in original).

The present issue is whether Plaintiff's guilty plea to a violation of California Penal Code § 148(a)(1) for resisting a peace officer will preclude his § 1983 claims. Section 148(a)(1) states, in relevant part, that "[e]very person who willfully resists, delays, or obstructs any . . . peace officer . . . in the discharge or attempt to discharge any duty of his or her office or employment . . . shall be [guilty of a misdemeanor." Defendants argue in their Motion to Dismiss that Plaintiff's § 1983 claims would

necessarily and improperly challenge his conviction for resisting or deterring an officer.

### 1. Count I

Plaintiff's first cause of action for "Fraudulent Investigation and Unlawful Seizure by Arrest, Detention, Prosecution, Conviction" is based on an alleged violation of Plaintiff's right to be free from unreasonable seizure and Plaintiff's due process rights under the Fourth and Fourteenth Amendments of the United States Constitution. Complaint, ¶ 22. The claim generally appears to allege false arrest/imprisonment, so the Court will interpret it as such.

Courts have consistently held that false arrest and imprisonment claims are barred by *Heck*. Probable cause is a necessary element of conviction for § 148(a)(1). *Nuno v. County of San Bernadino,* 58 F. Supp. 2d 1127 (C.D. Cal. 1999). Without probable cause, an officer would not be performing his duties lawfully and the conviction would not be valid. *Nuno,* 58 F. Supp. 2d at 1127. Yet, in order to "prevail on [a] § 1983 claim for false arrest and imprisonment, [plaintiff] would have to demonstrate that there was no probable cause to arrest him." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998). Such a result would invalidate the conviction, which *Heck* clearly prohibits. *Id.; see also Smithart v. Towery,* 79 F.3d 951, 952 (9th Cir. 1996) ("There is no question that *Heck* bars [plaintiff]'s claims that defendants lacked probable cause to arrest him and brought unfounded charges against him. [Plaintiff] may challenge the validity of his arrest, prosecution and conviction only by writ of habeas corpus.") The present case is not unique. Plaintiff's successful claim for false arrest or imprisonment would require him to prove that there was no probable cause to arrest him. His conviction, however, would be invalidated by a finding that there was no probable cause. Such a result is prohibited by *Heck*.

### 2. Count II

Plaintiff's second cause of action for "Withholding and/or Failure to Disclose Material Exculpatory Evidence by Defendants in Violation of the Procedural and Substantive Rights Guaranteed to Plaintiff" is based on an alleged conspiracy to deprive Plaintiff of his rights, again, under the Fourth and Fourteenth Amendments. *Id.* at ¶ 27. Plaintiff alleges that Defendants manufactured false evidence and suppressed exculpatory evidence to knowingly prosecute Plaintiff, despite his actual innocence. *Id.* at ¶ 28. The same logic from Plaintiff's false arrest/imprisonment claim applies here. *See Smithart,* 79 F.3d at 952 ("There is no question that *Heck* bars [plaintiff]'s claims that defendants lacked probable cause to arrest him and brought unfounded charges against him. [Plaintiff] may challenge the validity of his arrest, prosecution and conviction only by writ of habeas corpus."). A successful conspiracy claim would challenge Plaintiff's underlying conviction here; *Heck,* once again, bars such a result.

Further, Defendants correctly point out that Plaintiff has failed to allege sufficient facts to support the existence of a conspiracy. The elements of a conspiracy are (1) the existence of an express or implied agreement among the defendant officers to deprive a plaintiff of his constitutional rights and (2)

an actual deprivation of those rights resulting from that agreement. *Avalos v. Baca,* 596 F.3d 583, 592 (9th Cir. 2010). Plaintiffs' conclusory allegations that Defendants "conspired together and without others" are simply insufficient. Complaint, ¶ 26.

### 3. Count IV

Plaintiff's fourth cause of action for "Use of Excessive Force" is also based on a violation of the Fourth and Fourteenth Amendments. *Id.* at ¶ 39. A "conviction for resisting arrest under 148(a)(1) may only be lawfully obtained only if the officers do not use excessive force *in the course* of making that arrest." *Smith v. City of Hemet,* 394 F.3d 689, 696 (9th Cir. 2005) (emphasis in original); *see also Nuno,* 58 F. Supp. at 1133. (an officer is not engaged in a lawful arrest if he subjects the arrestee to excessive force). It is thus essential to Plaintiff's conviction that Starnes lawfully arrested Plaintiff without excessive force. Again, *Heck* does not permit Plaintiff's § 1983 claim to call his conviction into question.

*Yount v. City of Sacramento* is on point. 43 Cal. 4th 885 (Cal. 2008). There, the California Supreme Court held that "to the extent Yount's section 1983 claim alleges that he offered no resistance, that he posed no reasonable threat of obstruction to the officers, and that the officers had no justification to employ *any* force against him at the time he was shot, the claim is inconsistent with the conviction and barred under *Heck.*" *Id.* at 898 (emphasis in original). *See also Thore v. Howe,* 466 F.3d 173 (1st Cir. 2006) (*Heck* barred plaintiff's assertion that he was not guilty of the underlying assault charge and, as such, the officer's use of force was excessive). A § 1983 claim for excessive force is not always mutually inconsistent with a conviction for resisting a peace officer, but a plaintiff cannot assert facts inconsistent with his conviction as the basis for his § 1983 claim.

Like the plaintiff in *Yount,* Plaintiff appears to assert actual innocence in the present case. The Complaint alleges that Plaintiff complied immediately with all of Defendant officer's orders and that "Defendant officer without cause or provocation forcefully struck plaintiff in the face." Complaint, ¶ 14. A successful excessive force claim based on these facts would necessarily call into question Plaintiff's underlying conviction for resisting a peace officer. Accordingly, *Heck* also bars Plaintiff's excessive force claim, as it is currently pled.

### 4. Count VIII[2]

---

[2]Plaintiff's Complaint incorrectly labels his "abuse of process" claim as Count VI, despite the fact that his previous claim was already labeled as Count VI. Plaintiff's eighth count for "Claims Against Defendant Officers Under 42 U.S.C.A. § 1983 for Violation of the Fourth and Fourteenth Amendments to the United States Constitution" is thus incorrectly labeled as Count VII, when it should be Count VIII. The Court's heading

Plaintiff's eighth claim is for "Claims Against Defendant Officers Under 42 U.S.C.A. § 1983 for Violation of the Fourth and Fourteenth Amendments to the United States Constitution." Specifically, Plaintiff alleges that defendant officers wrongfully detained plaintiff, falsely accused plaintiff of criminal conduct, and committed a battery on plaintiff. Complaint, ¶ 53. These allegations do not appear to be distinct from Plaintiff's first, second, and fourth claims. As such, they are dismissed for the same reasons discussed above.

### B. Count III

Plaintiff's third cause of action is labeled as "Monetary Claim Against Defendant City." The Court, like Defendants, will interpret this claim as one for municipal liability against the City of Garden Grove. *See Monell v. Dep't of Social Servs. of the City of New York,* 436 U.S. 658 (1978) (local governments can be held liable under Section 1983 based on the government's policy or custom). Plaintiffs have not sufficiently pled facts to support a *Monell* claim. *Young v. City of Visalia* is instructive. 687 F. Supp. 2d. 1141 (E.D. Cal. 2009). There, the court found insufficient a complaint that did not "identify what the training or hiring practices were, how the training or hiring practices were deficient, or how the training and hiring practices caused Plaintiffs' harm." *Id.* at 1149. "Threadbare conclusions that track the elements for *Monell* liability" are not adequate to survive a motion to dismiss. *Id.* Similarly, the plaintiffs in *Canas v. City of Sunnyvale* "allege[d] no facts to support their conclusion that the City maintains an official policy of subjecting people to the unreasonable use of force or failing to train employees adequately . . . nor . . . explain[ed] how the alleged policies led [officers] to deprive the Decedent of his Fourth Amendment rights." No. C 08-5771 JF (PSG), 2011 WL 1743910, at *6 (N.D. Cal. Jan. 19, 2011).

Plaintiff's Complaint meets with the same result. The Complaint rests solely on Plaintiff's allegations that Garden Grove: "(a) allowed policies and procedures to continue in force and effect which resulted in the use of outrageous and excessive force against plaintiff; (b) had a custom and practice of failing to independent [sic] and adequately investigate complaints of excessive force, (c) had a custom and practice of failing to effective [sic] discipline or retrain police officers who wrongfully utilize excessive force, and (d) failed to establish appropriate policies and procedures to address and correct the repeated use of excessive force police officers in traffic stops." Complaint, ¶ 37. These conclusory allegations are not sufficient to satisfy *Iqbal*. 129 S.Ct. at 1950. Like the *Young* and *Canas* plaintiffs, Plaintiff does not plead with any specificity what the insufficient practices were, how they were deficient, or how they specifically caused Plaintiff harm. Plaintiff's threadbare assertions are insufficient.

### C. Count V

Plaintiff's fifth cause of action alleges that defendant officers' actions constitute battery.

---

reflects the accurate numbering.

Specifically, Plaintiff alleges that the officers' acts "were done without cause or provocation by plaintiff." Complaint, ¶ 44. Defendants' citation to *Yount* is again on point. There, the California Supreme Court held that it would not distinguish a Section 1983 claim from a state tort claim arising from the same alleged misconduct. 43 Cal. 4th at 902. Because Yount's common law battery claim required proof of unreasonable force, like his Section 1983 claim, it was similarly barred under a *Heck* analysis. *Id.* Thus, for the reasons articulated in the Court's discussion regarding Plaintiff's excessive force claim under Section 1983, Plaintiff's battery claim is barred by *Heck*.

### D. Count VI

Plaintiff's sixth cause of action alleges a claim for "gross negligence or willful and wanton misconduct." Plaintiff claims that the police officers, as agents of defendant city, "without cause or provocation" struck and kicked Plaintiff "willfully and wantonly" although they knew or should have known that such actions would cause Plaintiff serious injury. Complaint, ¶ 47-8. Because Plaintiff refers to defendant officers only as agents of defendant city, it appears that Plaintiff brings this claim against the City of Garden Grove.

The California Tort Claims Act provides that "[e]xcept as otherwise provided by statute . . . [a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov't Code § 815; *see also Searcy v. Hemet Unified School Dist.*, 177 Cal.App.3d 792 (1986). Plaintiff does not dispute that the City of Garden Grove is a public entity, yet he fails to allege grounds for statutory liability as to his claim for negligence. This omission is fatal to Plaintiff's claim for gross negligence and willful and wanton misconduct.

### E. Count VII[3]

Plaintiff's seventh cause of action is for abuse of process, by which he alleges that "Defendants acting in concert with each other did willfully, unlawfully, maliciously, and improperly use the court's process primarily for an ulterior or improper purpose, namely to incarcerate Plaintiff for a crime of which he was innocent." Complaint,¶ 50. Defendants interpret this claim as one for malicious prosecution, rather than abuse of process. Motion to Dismiss, 20.

An abuse of process claim requires an ulterior purpose, as well as a "willful act in the use of the process not proper in the regular conduct of the proceeding." *Templeton Feed and Grain v. Ralston Purina Co.,* 69 Cal. 2d 461, 466 (Cal. 1968). There must be must be a definite act not authorized by the process or used for a collateral advantage. *Id.* "[T]here is no liability where defendant has done

---

[3]Plaintiffs label their Abuse of Process as "Count VI" even though their previous claim for gross negligence was also labeled "Count VI." The Court will thus consider this claim to be "Count VII."

nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Id.* The California Supreme Court explained that abuse of process claims typically involve a form of extortion, and it is that act - not the legal proceeding - that constitutes the claim. *Id.* Plaintiff has set forth no facts to suggest an ulterior purpose, nor has he indicated that Defendants did anything but "carry the process to its authorized conclusion." *See also Vierria v. California Highway Patrol,* No. CIV S-09-0305 KJM GGH, 2011 WL 2971170, at *10-11 (E.D. Cal. July 20, 2011) (plaintiff's abuse of process claim failed because the complaint failed to set forth any fact supporting her contention that there was an improper purpose in conducting a deposition). As such, Plaintiff has not stated a claim for abuse of process.

If, in fact, Plaintiff's claim is for malicious prosecution, it fares no better. Defendants correctly note that California Government Code § 821.6 immunizes government entities and their employees "from liability for the actions or omissions of the investigating officers if (1) the officers were employees of the [City]; (2) [the plaintiffs'] injuries were caused by acts committed by the officers to institute or prosecute a judicial or administrative proceeding; and (3) the conduct of the officers while instituting or prosecuting the proceeding was within the scope of their employment." *County of Los Angeles v. Superior Court,* 181 Cal. App. 4th 218, 228 (Cal. Ct. App. 2009) (quoting *Amylou R. v. County of Riverside,* 28 Cal. App. 4th 1205, 1209 (Cal. Ct. App. 1994). The court also made clear that § 821.6 specifically protects against claims for malicious prosecution. *Id.* at 229. Here, all defendants are government entities or employees of government entities, the alleged injuries were caused by acts meant to institute a judicial proceeding, and there are no arguments or facts suggesting that Defendants were not acting within the scope of their employment. All Defendants are immune from suit to the extent Plaintiff's claim alleges malicious prosecution.

## IV. DISPOSITION

For the foregoing reasons, the Motion to Dismiss is hereby GRANTED and Plaintiff's Complaint is DISMISSED WITH LEAVE TO AMEND.

Any amended complaint shall be filed by December 9, 2011.

The Clerk shall serve this minute order on all parties to the action.