UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

O

**CIVIL MINUTES - GENERAL**

Case No. SACV 11-1236 DOC (ANx)            Date: February 7, 2012

Title: MONG KIM TRAN v. CITY OF GARDEN GROVE et al.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT            NONE PRESENT

PROCEEDING (IN CHAMBERS): GRANTING DEFENDANTS' MOTION TO DISMISS

       Before the Court is a Motion to Dismiss filed by Defendants City of Garden Grove ("Garden Grove"), Garden Grove Police Department ("GGPD") and Charles Starnes ("Starnes") (collectively, "Defendants") in the above-captioned case ("Motion to Dismiss") (Docket 14). The Court finds this matter appropriate for decision without oral argument. Fed.R.Civ. P. 78; Local Rule 7-15. After considering the moving, opposing, and replying papers, the Court hereby GRANTS the Motion to Dismiss.

**I. BACKGROUND**

       On or about October 28, 2009, Plaintiff Mong Kim Tran, a 79 year old man of Vietnamese descent, ("Plaintiff") was allegedly driving approximately 35 miles per hour when he was pulled over by Starnes, a white police officer, while driving on Garden Grove Boulevard. First Amended Complaint ("FAC"), ¶ 17. Plaintiff stopped his vehicle and allegedly exited his vehicle after Starnes ordered him to do so. *Id.* at ¶ 19. Starnes allegedly questioned Plaintiff in a very aggressive and rude manner, accusing him of speeding. *Id.* Plaintiff avers that, after Plaintiff refused to sign the speeding ticket, Starnes then forcefully struck Plaintiff in the face without cause or provocation, causing Plaintiff to fall to the sidewalk. *Id.* Starnes allegedly struck Plaintiff in his arms and feet and handcuffed Plaintiff, causing him to fall unconscious, bleed, and suffer substantial pain. *Id.* Plaintiff

avers that he was transported to Garden Grove Hospital for emergency treatment of his injuries. *Id.*

Plaintiff was the subject of misdemeanor criminal proceedings stemming from this encounter. Plaintiff ultimately pled guilty to the charge of resisting a peace officer, in violation of California Penal Code ¶148(a)(1). Motion to Dismiss, 2. Plaintiff alleges that Starnes' report accusing Plaintiff of assault and battery was completely fabricated. FAC, ¶ 19.

Plaintiff is now filing the present civil action based on the alleged events of October 28, 2009. Plaintiff's original Complaint was dismissed by this Court on November 14, 2011 ("First MTD Order") but Plaintiff was given leave to amend. Plaintiff filed his FAC on December 9, 2011, alleging 6 counts: (1) "As and for first cause of action against the individual defendants for unlawful stop, detention, and interrogation of Plaintiff in violation of state common law and dederally [sic] protective [sic] rights"; (2) "As and for a second cause of action against Defendants for inadequate training, supervision, and discipline"; (3) "As and for a third cause of action against Defendants for intentional infliction of emotional distress"; (4) "As and for a fourth cause of action against Defendants for assault (common law)"; (5) "As and for a fifth cause of action against Defendants for battery (common law)"; (6) "And as for a sixth cause of action against Defendants for negligence (common law)." Defendants seek to dismiss each of Plaintiff's claims.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)). In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.* Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950. Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.*

In evaluating a 12(b)(6) motion, review is "limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). However, exhibits attached to the complaint, as well as matters of public record, may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment. *See Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Further, a court may consider documents "on which the complaint

'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "The Court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id*.

Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III. DISCUSSION

Curiously, Plaintiff's Opposition only challenges the dismissal of his state law assault and battery claims. Plaintiff seeks leave to amend if the Court grants any part of Defendants' Motion to Dismiss but fails to provide any explanation as to how the FAC could be amended to state a claim. Despite these serious deficiencies in the Opposition, the Court will address the substantive merits of each of Plaintiff's claims, many of which surprisingly remain essentially unchanged from the first unsuccessful complaint.

#### A. Count I

Plaintiff's first count contains an amalgamation of Section 1983 claims, including what appear to be a false arrest/imprisonment claim, an excessive force claim, and a "racial profiling" claim. Plaintiff has pled no new facts in the FAC to change the outcome of his false arrest/imprisonment claim and his excessive force claim, which were both dismissed in the Court's First MTD Order.

As this Court made clear in its First MTD Order, under *Heck v. Humphrey*, a plaintiff cannot succeed in bringing a § 1983 claim where success on the claim would call into question an underlying conviction. *See* 512 U.S. 477 (1994). Courts have consistently held that false arrest and imprisonment claims are barred by *Heck*. Probable cause is a necessary element of conviction for § 148(a)(1). *Nuno v. County of San Bernadino,* 58 F. Supp. 2d 1127 (C.D. Cal. 1999). Without probable cause, an officer would not be performing his duties lawfully and the conviction would not be valid. *Nuno,* 58 F. Supp. 2d at 1127. Yet, in order to "prevail on [a] § 1983 claim for false arrest and imprisonment, [plaintiff] would have to demonstrate that there was no probable cause to arrest him." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998). Such a result would invalidate the conviction, which *Heck* clearly prohibits. *Id.; see also Smithart v. Towery,* 79 F.3d 951, 952 (9th Cir. 1996) ("There is no question that *Heck* bars [plaintiff]'s claims that defendants lacked probable cause to arrest him and brought unfounded charges against him. [Plaintiff] may challenge the validity of his arrest, prosecution and conviction only by writ of habeas corpus.") The present case is not unique. Plaintiff's successful claim for false arrest or imprisonment would require him to prove that there was

no probable cause to arrest him. His conviction, however, would be invalidated by a finding that there was no probable cause. Such a result is prohibited by *Heck.*

In its First MTD Order, this Court also relied heavily on *Yount v. City of Sacramento*, 43 Cal. 4th 885 (Cal. 2008), to hold that Plaintiff's excessive force claim was barred by *Heck.* There, the California Supreme Court held that "to the extent Yount's section 1983 claim alleges that he offered no resistance, that he posed no reasonable threat of obstruction to the officers, and that the officers had no justification to employ *any* force against him at the time he was shot, the claim is inconsistent with the conviction and barred under *Heck.*" *Id.* at 898 (emphasis in original). *See also Thore v. Howe,* 466 F.3d 173 (1st Cir. 2006) (*Heck* barred plaintiff's assertion that he was not guilty of the underlying assault charge and, as such, the officer's use of force was excessive). A § 1983 claim for excessive force is not always mutually inconsistent with a conviction for resisting a peace officer, but a plaintiff cannot assert facts inconsistent with his conviction as the basis for his § 1983 claim.

Like the plaintiff in *Yount,* Plaintiff still appears to assert his actual innocence. The FAC alleges that Plaintiff complied immediately with all of Defendant officer's orders and that "Defendant officer without cause or provocation forcefully struck plaintiff in the face." FAC, ¶ 19. A successful excessive force claim based on these facts would necessarily call into question Plaintiff's underlying conviction for resisting a peace officer. Accordingly, *Heck* also bars Plaintiff's excessive force claim, which has not changed in any way since Plaintiff's first complaint. If Plaintiff believes he is actually innocent, he can attack his conviction - but not through a Section 1983 claim.

Finally, Plaintiff appears to assert a new claim for "racial profiling" in violation of the Fourteenth Amendment. *Id.* at ¶ 29. Other than the mere allegation, however, Plaintiff does not plead any facts in support of this theory. Plaintiff asserts that he is Vietnamese, *id.* at ¶ 17, and that Starnes is white, *id.* at ¶ 6. Simply pointing out the fact that the Plaintiff's race is different from the defendant officer's race is not sufficient. Plaintiff has alleged no other facts that would provide an inference of any race-based element of the incident between Plaintiff and Starnes. Plaintiff has thus failed to sufficiently state a claim for relief under *Iqbal.* 129 S.Ct. 1937 at 1950.

**B. Count II**

Plaintiff's current Count II appears to be a re-labeled version of his third cause of action from his original complaint: a claim for municipal liability against the City of Garden Grove. *See Monell v. Dep't of Social Servs. of the City of New York,* 436 U.S. 658 (1978) (local governments can be held liable under Section 1983 based on the government's policy or custom). Again, Plaintiff has not sufficiently pled facts to support a *Monell* claim. *Young v. City of Visalia* is instructive. 687 F. Supp. 2d. 1141 (E.D. Cal. 2009). There, the court found insufficient a complaint that did not "identify what the training or hiring practices were, how the training or hiring practices were deficient, or how the training and hiring practices caused Plaintiffs' harm." *Id.* at 1149. "Threadbare conclusions that track the elements for *Monell* liability" are not adequate to survive a motion to dismiss. *Id.* Similarly, the

plaintiffs in *Canas v. City of Sunnyvale* "allege[d] no facts to support their conclusion that the City maintains an official policy of subjecting people to the unreasonable use of force or failing to train employees adequately . . . nor . . . explain[ed] how the alleged policies led [officers] to deprive the Decedent of his Fourth Amendment rights." No. C 08-5771 JF (PSG), 2011 WL 1743910, at *6 (N.D. Cal. Jan. 19, 2011).

Plaintiff's FAC meets with the same result. The FAC rests solely on Plaintiff's allegations that Garden Grove "failed to train, supervise, and discipline police officers, including defendant Charles Starnes, as to prevent the unlawful stopping, detention, interrogation of plaintiff." FAC, ¶ 33. These conclusory allegations are again not sufficient to satisfy *Iqbal*. 129 S.Ct. at 1950. Like the *Young* and *Canas* plaintiffs, Plaintiff does not plead with any specificity what the insufficient practices were, how they were deficient, or how they specifically caused Plaintiff harm. Plaintiff's threadbare assertions in the FAC are insufficient.

### C. Count III

Plaintiff's third cause of action in the FAC is a newly asserted claim for intentional infliction of emotional distress ("IIED") against Defendant Starnes. FAC, ¶ 39. To recover on an IIED claim, a plaintiff must prove: 1) that the defendant committed extreme and outrageous conduct with the intention of causing, or with the reckless disregard for the probability of causing, emotional distress; 2) that plaintiff suffers from severe or extreme emotional distress; and 3) that defendant's conduct actually and proximately caused the distress. *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 1001 (1993). To qualify as extreme and outrageous, a defendant's conduct must be "so extreme as to exceed all bounds of that usually tolerated by a civilized community." *Id.*

The Court does not need to reach the question of whether Starnes' behavior was "extreme and outrageous" because Starnes is immunized by California Government Code § 821.6 ("Section 821.6"). Section 821.6 immunizes government entities and their employees "from liability for the actions or omissions of the investigating officers if (1) the officers were employees of the [City]; (2) [the plaintiffs'] injuries were caused by acts committed by the officers to institute or prosecute a judicial or administrative proceeding; and (3) the conduct of the officers while instituting or prosecuting the proceeding was within the scope of their employment." *County of Los Angeles v. Superior Court,* 181 Cal. App. 4th 218, 228 (Cal. Ct. App. 2009) (quoting *Amylou R. v. County of Riverside,* 28 Cal. App. 4th 1205, 1209 (Cal. Ct. App. 1994). Section 821.6 applies to police officers, who are considered public employees under the Government Code. *Wilhite v. City of Bakersfield,* No. 1:11-CV-1692 AWI JLT, 2012 WL 273088, at *18 (E.D. Cal. Jan. 30, 2012) (quoting *Randle v. City and County of San Francisco,* 186 Cal. App. 3d 449, 456 (1986)). Further, immunity under Section 821.6 extends to claims for intentional infliction of emotional distress. *Id.; see also Gillian v. City of San Marino,* 147 Cal. App. 4th 1033, 1048 (2007). Starnes is thus immunized under Section 821.6 against Plaintiff's claim for intentional infliction of emotional distress.

### D. Counts IV and V

Plaintiff's fourth and fifth counts allege assault and battery, respectively, against Defendant Starnes. FAC, ¶ 40-47. Plaintiff again does not seem to have learned from the Court's First MTD Order, where it dismissed Plaintiff's battery claims under the same rationale as his Section 1983 claims. As it was earlier in the Order, *Yount* is on point. There, the California Supreme Court held that it would not "distinguish a Section 1983 claim from a state tort claim arising from the same alleged misconduct." 43 Cal. 4th at 902. Because Yount's common law battery claim required proof of unreasonable force, like his Section 1983 claim, it was similarly barred under a *Heck* analysis. *Id.* Thus, for the reasons articulated in the Court's discussion regarding Plaintiff's excessive force claim under Section 1983, Plaintiff's assault and battery claims - which stem from the same underlying alleged misconduct as Plaintiff's Section 1932 claims - are barred by *Heck*.

### E. Count VI

Plaintiff's sixth cause of action asserts a negligence claim against Defendants by alleging that "Defendants' acts, omissions, and misconduct alleged in this Complaint constituted a breach of their duty to Plaintiff to avoid the harm causing the harm alleged, and avoid and prevent violations of Plaintiff's constitutional, statutory and common law rights." FAC, ¶ 49. Again, *Yount* makes clear that there is no reason to "distinguish between a Section 1983 claim and a state tort claim arising from the same alleged misconduct. 43 Cal. 4th at 902. Plaintiff's FAC makes clear that his negligence claim stems from the exact same events as his Section 1983 claims, which are prohibited for the reasons discussed above.

### IV. DISPOSITION

For the foregoing reasons, Plaintiff's FAC is DISMISSED WITH PREJUDICE.

The Clerk shall serve this minute order on all parties to the action.